**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| MYPAQ HOLDINGS LTD., | CIVIL ACTION NO. 6:21-CV-00398 |
| Plaintiff, | |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff MyPAQ Holdings Ltd. ("MyPAQ") files this Original Complaint for Patent Infringement and Jury Demand against Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (together, "Defendants" or "Samsung"). Plaintiff alleges infringement of United States Patent Number 7,403,399 (the "'399 Patent"), United States Patent Number 7,675,759 (the "'759 Patent"), United States Patent Number 7,978,489 (the "'489 Patent"), and United States Patent Number 8,477,514 (the "'514 Patent") (collectively, the "Patents") as follows:

### I. PARTIES

1.      MyPAQ is a corporation organized and existing under the laws of the Republic of Seychelles with a principal place of business at 303 Aarti Chambers, Victoria Mahe, Republic of Seychelles. MyPAQ is the assignee of each of the Patents.

2.      Defendant Samsung Electronics Co., Ltd. is a foreign corporation organized and existing under the laws of the Republic of Korea with a principal place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-Do, Korea 443-742.

3.      Defendant Samsung Electronics America, Inc. is a wholly owned subsidiary corporation of Samsung Electronics Co., Ltd., organized and existing under the laws of New York

with a principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660 and offices and/or other facilities in Texas at least at 12100 Samsung Boulevard, Austin, Texas 78754 and 6625 Excellence Way, Plano, Texas 75023. Samsung Electronics America, Inc. may be served with process through its registered agent with the Texas Secretary of State, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      Further, Defendant Samsung Electronics America, Inc. merged with Samsung Telecommunications America LLC in January 2015. *Koninklijke KPN N.V. v. Samsung Telecomms. Am. LLC, et al.*, Case No. 2:14-cv-01165-JRG (E.D. Tex.) at Dkt. 34. Prior to such merger, Samsung Telecommunications America LLC was involved in the sales and distribution of Samsung-branded consumer electronics products in the United States.

5.      On information and belief, Defendant Samsung Electronics America, Inc. is liable for any act for which Samsung Telecommunications America LLC otherwise would be or would have been liable, including for any infringement alleged in this matter, and references herein to Samsung Electronics America, Inc. should be understood to encompass such acts by Samsung Telecommunications America LLC.

## II. JURISDICTION

6.      This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 284, and 285. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.      This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendants because Defendants are present in, and transact and conduct business in and with residents of, this District and the State of Texas.

8.      MyPAQ's causes of action arise, at least in part, from Defendants' contacts with and activities in this District and the State of Texas.

9.      Defendants have committed acts that infringe the Patents within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas infringing products. Defendants make, use, sell, offer for sale, ship, distribute, advertise, promote, and/or otherwise commercialize such infringing products in this District and the State of Texas. Defendants regularly conduct and solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to residents of this District and the State of Texas.

### III. VENUE

10.     Venue is proper in this District against Samsung Electronics Co., Ltd. because venue in a patent infringement action against a foreign defendant is proper in any judicial district. *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 711–714 (1972), cited by *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1520 n.2 (2017); *see also In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018) (citing *Brunette Mach. Works*, 406 U.S. at 706).

11.     Venue is proper in this District against Samsung Electronics America, Inc. because Samsung Electronics America, Inc. has physical offices located in this District that are regular and established places of business and belong to it. *See In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017).

12.     For example, Samsung Electronics America, Inc. maintains regular and established offices in the Western District of Texas, including at 12100 Samsung Boulevard, Austin, Texas 78754.

13.     Further, on information and belief, Samsung Electronics Co., Ltd. directs and controls the actions of Samsung Electronics America, Inc. such that it too maintains regular and established offices in the Western District of Texas, including at 12100 Samsung Boulevard, Austin, Texas 78754.

14.     Samsung Electronics Co., Ltd. also owns and operates a manufacturing facility at the same address in Austin, Texas, 12100 Samsung Boulevard.

15.     In addition, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. have placed, or contributed to placing, infringing products into the stream of commerce via an established distribution channel knowing or understanding that such products would be sold and used in the United States, including in the Western District of Texas.

16.     On information and belief, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. have authorized retailers that offer and sell products on their behalf in this District, including products accused of infringement herein. On information and belief, these include Target, *e.g.*, at 5401 Bosque Boulevard, Waco, Texas 76710; Best Buy, *e.g.*, at 4627 South Jack Kultgen Expressway, Waco, Texas 76706; AT&T, *e.g.*, at 4330 West Waco Drive, Waco, Texas 76710; T-Mobile, *e.g.*, at 100 North New Road, Suite 110, Waco, Texas 76710; and Verizon, *e.g.*, at 1820 South Valley Mills Drive, Waco, Texas 76711, among others.

17.     On information and belief, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. have each derived substantial revenue from infringing acts in the Western District of Texas, including from the sale and use of infringing products.

18.     Venue is proper under 28 U.S.C. § 1391(b)–(c) and 28 U.S.C. § 1400.

### IV. UNITED STATES PATENT NUMBER 7,403,399

19.     United States Patent Number 7,403,399 is titled "Active Primary-Sided Circuit Arrangement for a Switch-Mode Power Supply" and was filed on March 30, 2006. The '399 Patent claims priority to German Patent Application Number 10 2005 014 746, which was filed on March 31, 2005. A true and correct copy of the '399 Patent is attached as <u>Exhibit A</u> and is publicly available at https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=7403399.

20.     The '399 Patent claims patent-eligible subject matter and is valid and enforceable.

21.     Claim 1 of the '399 Patent reads:

Circuit arrangement for a switch-mode power supply, wherein the switch-mode power supply has a primary side, which can be connected to a supply voltage, and a secondary side, which can be connected to a consumer,

> wherein the circuit arrangement (100) comprises a primary-sided switch (102), a control circuit (104) for controlling the primary-sided switch (102) and additional active, primary-sided components (106, 108, 110),

> wherein said control circuit (104) is formed by a first integrated semiconductor chip and the primary-sided switch (102) and the additional components (106, 108, 110), are integrated in at least one additional semiconductor chip, said semiconductor chip being separate from the control circuit and arranged on a circuit carrier (112) shared with the control circuit.

22. Claim 2 reads:

Circuit arrangement according to claim 1, wherein the control circuit (104), the primary-sided switch (102) and the additional primary-sided components (106, 108, 110) are accommodated in a shared housing (118).

23. Claim 4 reads:

Circuit arrangement according to claim 2, wherein the housing (118) is executed as a housing that can be surface-mounted for surface-mount technologies.

24. Claim 5 reads:

Circuit arrangement according to claim 1, wherein the circuit carrier is executed as a leadframe (112).

25. Claim 6 reads:

Circuit arrangement according to claim 1, wherein a metallization of the circuit carrier (112) has cooling areas that are formed for removing heat.

26. Claim 13 reads:

Switch-mode power supply having a primary side, which can be connected to a supply voltage, and a secondary side, which can be connected to a consumer,

> said switch-mode power supply comprising a circuit arrangement which comprises a primary-sided switch, a control circuit for controlling the primary-sided switch and additional active, primary-sided components,

wherein said control circuit is formed by a first integrated semiconductor chip and the primary-sided switch and the additional components, are integrated in at least one additional semiconductor chip, said semiconductor chip being separate from the control circuit and arranged on a circuit carrier shared with the control circuit.

27.     The '399 Patent's named inventors are Stefan Morbe and Michael Bothe.

28.     MyPAQ owns all rights, title, and interest in and to the invention of the '399 Patent and its underlying patent applications by written assignments recorded with the United States Patent and Trademark Office. On May 18, 2006, as recorded with the United States Patent and Trademark Office on June 19, 2006, Stefan Morbe and Michael Bothe assigned their interests in the '399 Patent to FRIWO Mobile Power GmbH. On May 26, 2008, as recorded with the United States Patent and Trademark Office on February 23, 2009, FRIWO Mobile Power GmbH changed its name to Power Systems Technologies GmbH. Power Systems Technologies GmbH assigned its interests in the '399 Patent to MyPAQ on March 26, 2021, as recorded with the United States Patent and Trademark Office on April 8, 2021.

29.     As a result, MyPAQ is the exclusive owner by assignment of all rights, title, and interest in the '399 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '399 Patent.

30.     Defendants are not licensed to the '399 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '399 Patent whatsoever.

## V. UNITED STATES PATENT NUMBER 7,675,759

31.     United States Patent Number 7,675,759 is titled "Power System with Power Converters Having an Adaptive Controller" and was filed on February 23, 2007. The '759 Patent claims priority to United States Patent Application Number 11/607,325, which was filed on December 1, 2006.  A true and correct copy of the '759 Patent is attached as Exhibit B and is publicly available at https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=7675759.

32.     The '759 Patent claims patent-eligible subject matter and is valid and enforceable.

33.     Claim 1 of the '759 Patent reads:

A power converter coupled to a power system controller configured to receive a signal indicating a system operational state of a load coupled thereto, comprising:

a power switch configured to conduct for a duty cycle to provide a regulated output characteristic at an output thereof; and

a controller configured to receive a command from said power system controller to enter a power converter operational state as a function of said signal indicating said system operational state, said controller further configured to provide a signal to control said duty cycle of said power switch as a function of said output characteristic and in accordance with said command, thereby regulating an internal operating characteristic of said power converter to improve an operating efficiency thereof as a function of said system operational state.

34.     Claim 3 of the '759 Patent reads:

The power converter as recited in claim 1 wherein said power system controller is configured to receive a signal indicating a power converter status of said power converter, said power converter operational state being a function of said power converter status.

35.     Claim 6 of the '759 Patent reads:

A power system coupled to a load, comprising:

a power system controller configured to receive a signal indicating a system operational state of said load and to select a power converter operational state as a function thereof; and

a power converter, including:

a power switch configured to conduct for a duty cycle to provide a regulated output characteristic at an output thereof, and

a controller configured to receive a command from said power system controller to enter said power converter operational state and to provide a signal to control said duty cycle of said power switch as a function of said output characteristic and in accordance with said command, thereby regulating an internal

operating characteristic of said power converter to improve an operating efficiency thereof as a function of said system operational state.

36.     The '759 Patent's named inventors are Daniel A. Artusi, Ross Fosler, and Allen F. Rozman.

37.     MyPAQ owns all rights, title, and interest in and to the invention of the '759 Patent and its underlying patent applications by written assignments recorded in the United States Patent and Trademark Office. On March 8, 2007, as recorded with the United States Patent and Trademark Office on April 18, 2007, Daniel A. Artusi, Ross Fosler, and Allen F. Rozman assigned their interests in the '759 Patent to ColdWatt, Inc. On April 7, 2008, as recorded with the United States Patent and Trademark Office on February 4, 2009, ColdWatt, Inc. merged with Flextronics International USA, Inc. Flextronics International USA, Inc. assigned its interests in the '759 Patent to MyPAQ on March 26, 2021, as recorded with the United States Patent and Trademark Office on April 8, 2021.

38.     As a result, MyPAQ is the exclusive owner by assignment of all rights, title, and interest in the '759 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '759 Patent.

39.     Defendants are not licensed to the '759 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '759 Patent whatsoever.

**VI. UNITED STATES PATENT NUMBER 7,978,489**

40.     United States Patent Number 7,978,489 is titled "Integrated Power Converters" and was filed on August 4, 2008. The '489 Patent claims priority to United States Provisional Patent Application Number 60/963,477, which was filed on August 3, 2007. A true and correct copy of the '489 Patent is attached as __Exhibit C__ and is publicly available at https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=7978489.

41.     The '489 Patent claims patent-eligible subject matter and is valid and enforceable.

42.     Claim 43 of the '489 Patent reads:

A power supply adapter comprising:

> a power converter circuit configured to generate a regulated voltage signal, the power converter circuit including,
>
> a rectifier coupled with AC power blades;
>
> a regulator circuit coupled with the rectifier;
>
> a transformer coupled with the regulator circuit, the transformer including a primary and a secondary, the transformer being coupled with the regulator circuit via the primary; and
>
> a flexible contact coupled with each of a first and a second printed circuit board and flexibly biased to couple with a proximate end of the AC power blades.

43.     Claim 53 of the '489 Patent reads:

The adapter of claim 43, wherein the flexible contact comprises a metallic conductor.

44.     Claim 54 of the '489 Patent reads:

The adapter of claim 43, wherein the flexible contact is configured to electrically couple an AC power source from the AC power blades to the power converter circuit.

45.     Claim 60 of the '489 Patent reads:

The adapter of claim 43, wherein the connector receptacle comprises a universal serial bus (USB) connector receptacle.

46.     The '489 Patent's named inventors are Mark Telefus, Bahman Sharifipour, Rowell Gapuz, Richard Sy, HongWei Du, and Bob Roohparvar.

47.     MyPAQ owns all rights, title, and interest in and to the invention of the '489 Patent and its underlying patent applications by written assignments recorded with the United States Patent and Trademark Office. In 2013, as recorded with the United States Patent and Trademark Office on October 28, 2016, Mark Telefus, Bahman Sharifipour, Rowell Gapuz, and HongWei Du assigned their

interests in the '489 Patent to Flextronics AP, LLC. The remaining inventors, Bob Roohparvar and Richard Sy, assigned their interests in the '489 Patent to Flextronics AP, LLC in June 2020, as recorded with the United States Patent and Trademark Office on March 25, 2021. Flextronics AP, LLC assigned its interests in the '489 Patent to MyPAQ on March 19, 2021, as recorded with the United States Patent and Trademark Office on April 8, 2021.

48.     As a result, MyPAQ is the exclusive owner by assignment of all rights, title, and interest in the '489 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '489 Patent.

49.     Defendants are not licensed to the '489 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '489 Patent whatsoever.

## VII. UNITED STATES PATENT NUMBER 8,477,514

50.     United States Patent Number 8,477,514 is titled "Power System with Power Converters Having an Adaptive Controller" and was filed on February 22, 2010. The '514 Patent claims priority to United States Patent Application Number 11/607,325, which was filed on December 1, 2006. A true and correct copy of the '514 Patent is attached as Exhibit D and is publicly available at https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=8477514.

51.     The '514 Patent claims patent-eligible subject matter and is valid and enforceable.

52.     Claim 1 of the '514 Patent reads:

A power converter coupled to a load, comprising:

a power switch configured to conduct for a duty cycle to provide an output characteristic at an output thereof; and

a power converter controller configured to receive a signal from said load indicating a system operational state of said load and control an internal operating characteristic of said power converter as a function of said signal.

53.     Claim 5 of the '514 Patent reads:

The power converter as recited in claim 1 wherein said internal operating characteristic is selected from the group consisting of:

a gate drive voltage level of said power switch of said power converter,

a switching frequency of said power converter, and

an internal direct current bus voltage of said power converter.

54. The '514 Patent's named inventors are Daniel A. Artusi, Ross Fosler, and Allen F. Rozman.

55. MyPAQ owns all rights, title, and interest in and to the invention of the '514 Patent and its underlying patent applications by written assignments recorded with the United States Patent and Trademark Office. On April 7, 2008, as recorded with the United States Patent and Trademark Office on May 4, 2020, Flextronics International USA, Inc. merged with ColdWatt, Inc. In May and June 2008, Daniel A. Artusi, Ross Fosler, and Allen F. Rozman assigned their interests in the '514 Patent to ColdWatt, Inc., which had merged with Flextronics International USA, Inc. Flextronics International USA, Inc. assigned its interests in the '514 Patent to MyPAQ on March 26, 2021, as recorded with the United States Patent and Trademark Office on April 8, 2021.

56. MyPAQ is the exclusive owner by assignment of all rights, title, and interest in the '514 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '514 Patent.

57. Defendants are not licensed to the '514 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '514 Patent whatsoever.

## VIII. THE ACCUSED INSTRUMENTALITIES

58. Defendants manufacture, use, and sell infringing devices and products, including but not limited to the following Samsung chargers: the EP-TA12JBEUGUJ (the "TA12"), the EP-TA800XBEGUS (the "TA800"), and the EP-TA845XBEGUS (the "TA845" and, collectively, the

"Accused Instrumentalities"), which practice (1) the '399 Patent, including but not limited to Claims 1, 2, 4, 5, 6, and 13; (2) the '759 Patent, including but not limited to Claims 1, 3, and 6; (3) the '489 Patent, including but not limited to Claims 43, 53, 54, and 60; and/or (4) the '514 Patent, including but not limited to Claims 1 and 5.

59.     The Accused Instrumentalities implement circuitry and power blade connectors that infringe the Patents.

60.     For example, the Accused Instrumentalities are power supply adapters with power converter circuits, which include a rectifier coupled with AC power blades, a regulator circuit coupled with the rectifier, a transformer coupled with the regulator circuit, and a flexible contact coupled with each of a first and a second printed circuit board and flexibly biased to couple with a proximate end of the AC power blades.

## IX. COUNT 1: DIRECT INFRINGEMENT

61.     All previous paragraphs are incorporated herein as if fully set forth.

62.     Defendants have directly infringed and continue to directly infringe the Patents under 35 U.S.C. §§ 271(a) and 271(g) by making, using, selling, offering to sell, and/or importing in or into the United States the Accused Instrumentalities that practice the Patents.

63.     As further described in the claim charts attached as Exhibits E–H, the Accused Instrumentalities directly infringe each element of at least Claims 1, 2, 4, 5, 6, and 13 of the '399 Patent; Claims 1, 3, and 6 of the '759 Patent; Claims 43, 53, 54, and 60 of the '489 Patent; and/or Claims 1 and 5 of the '514 Patent.

64.     Upon information and belief, Defendants manufacture the Accused Instrumentalities at facilities in Vietnam, China, India, and South Korea. Defendants market, sell, offer to sell, and import the Accused Instrumentalities in and into the United States.

65.     Defendants market and/or offer to sell the Accused Instrumentalities, for example, to customers directly through their website:



Samsung, https://www.samsung.com/us/mobile/mobile-accessories/tablets/travel-charger-11pin-ep-ta12jbeuguj/ (last visited April 23, 2021).



Samsung, https://www.samsung.com/us/business/mobile/mobile-accessories/phones/25w-usb-c-fast-charging-wall-charger-black-ep-ta800xbegus/ (last visited April 23, 2021).



Samsung, https://www.samsung.com/us/business/mobile/mobile-accessories/phones/45w-usb-c-fast-charging-wall-charger-black-ep-ta845xbegus/ (last visited April 23, 2021).

## X. JURY DEMAND

66.    Plaintiff hereby demands a trial by jury on all issues so triable.

## XI.  PRAYER FOR RELIEF

67.    Plaintiff requests the following relief:

A.    A judgment that Defendants have directly infringed, either literally and/or under the doctrine of equivalents, and continue to directly infringe the Patents;

B.    A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

C.      A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

D.      A judgment and order requiring Defendants to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

E.      A judgment and order awarding a compulsory ongoing royalty;

F.      A judgment and order awarding Plaintiff costs associated with this action; and

H.      Such other and further relief as the Court deems just and equitable.

Dated: April 23, 2021                          Respectfully submitted,

                                               By:   /s/ Charles Ainsworth
                                                     Charles Ainsworth
                                                     State Bar No. 00783521
                                                     Robert Christopher Bunt
                                                     State Bar No. 00787165
                                                     PARKER, BUNT & AINSWORTH, P.C.
                                                     100 E. Ferguson, Suite 418
                                                     Tyler, Texas 75702
                                                     Tel: (903) 531-3535
                                                     charley@pbatyler.com
                                                     rcbunt@pbatyler.com

                                                     Alfonso G. Chan (Texas 24012408)
                                                     Michael W. Shore (Texas 18294915)
                                                     Samuel E. Joyner (Texas 24036865)
                                                     Halima Shukri Ndai (Texas 24105486)
                                                     SHORE CHAN LLP
                                                     901 Main Street, Suite 3300
                                                     Dallas, Texas 75202
                                                     Tel: (214) 593-9110
                                                     Fax: (214) 593-9111
                                                     achan@shorechan.com
                                                     mshore@shorechan.com
                                                     sjoyner@shorechan.com
                                                     hndai@shorechan.com

                                                     Brian D. Melton (Texas 24010620)
                                                     Krisina J. Zuñiga (Texas 24098664)
                                                     SUSMAN GODFREY LLP

1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
kzuniga@susmangodfrey.com

Steven M. Shepard (New York 5291232)
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: (212) 336-8330
Fax: (212) 336-8340
sshepard@susmangodfrey.com

**COUNSEL FOR PLAINTIFF**