**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| MYPAQ HOLDINGS LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR, LLC<br><br>    Defendants. | Civil Action No. 6:21-cv-00398-ADA<br><br>JURY TRIAL DEMANDED |

**SAMSUNG SEMICONDUCTOR, INC. AND SAMSUNG AUSTIN SEMICONDUCTOR, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO MYPAQ'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Semiconductor, Inc. ("SSI") and Samsung Austin Semiconductor, LLC ("SAS") (collectively, "Samsung Semiconductor") hereby submit their Answer, Affirmative Defenses, and Counterclaims to the Amended Complaint filed July 30, 2021 ("Amended Complaint") of Plaintiff MyPAQ Holdings LTD. ("MyPAQ"). Samsung Semiconductor responds to each paragraph of the Amended Complaint as follows:

**THE PARTIES**

1.      Samsung Semiconductor lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2.      Samsung Semiconductor admits Samsung Electronics Co., Ltd. ("SEC") is a corporation of the Republic of Korea and that it has a place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 16677, Republic of Korea. Samsung Semiconductor denies any remaining allegations in Paragraph 2.

3.      Samsung Semiconductor admits Samsung Electronics America, Inc. ("SEA") is a corporation of New York with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung Semiconductor admits SEA is a wholly owned subsidiary of SEC and that it is registered to do business in Texas.  Samsung Semiconductor further admits CT Corporation System, located at 1999 Brian Street, Suite 900, Dallas, Texas 75201, is a registered agent of SEA for certain purposes.  Samsung Semiconductor denies any remaining allegations in Paragraph 3.

4.      Samsung Semiconductor admits that Samsung Telecommunications America LLC ("STA") merged with Samsung Electronics America, Inc. effective January 2015, and that prior to such merger, STA was involved in the sale of mobile products in the United States.  Samsung Semiconductor denies any remaining allegations in Paragraph 4.

5.      Denied.

6.      Samsung Semiconductor admits SSI is a corporation of California and that it has a place of business at 3655 North First Street, San Jose, California 95134.  Samsung Semiconductor admits that SSI is a wholly owned subsidiary of SEA and that it is registered to do business in Texas and may be served with process through its registered agent with the Texas Secretary of State.  Samsung Semiconductor denies any remaining allegations in Paragraph 6.

7.      Samsung Semiconductor admits SAS is a limited liability company of Delaware with its principal place of business at 12100 Samsung Boulevard, Austin, Texas 78754.  Samsung Semiconductor admits SAS is a wholly owned subsidiary of SSI, it is registered to do business in Texas, and it may be served with process through its registered agent with the Texas Secretary of State.  Samsung Semiconductor denies any remaining allegations in Paragraph 7.

## JURISDICTION

8.      Samsung Semiconductor admits this action purports to be an action for patent infringement under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, and 284-285.  Samsung Semiconductor admits, for purposes of this action only, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  Samsung Semiconductor denies any remaining allegations in Paragraph 8.

9.      For purposes of this action only, Samsung Semiconductor does not dispute personal jurisdiction.  Samsung Semiconductor denies any remaining allegations in Paragraph 9.

10.     Denied.

11.     SAS admits that it regularly conducts business in, and engages in other persistent courses of conduct in, this District and the State of Texas.  SSI admits that it regularly conducts and solicits business in, engages in conduct in, and/or derives revenue from goods and services provided to residents of this District and the State of Texas.  Samsung Semiconductor denies all other allegations in Paragraph 11, and specifically denies that it has committed or is committing any act of patent infringement.

## VENUE

12.     Samsung Semiconductor admits that for purposes of this action only, venue in this Court as to SEC is proper, but denies that this is a convenient forum under, among others, the doctrine of *forum non conveniens*.  Samsung Semiconductor denies any remaining allegations in paragraph 12.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

## U.S. PATENT NO. 7,403,399

20.     Samsung Semiconductor admits that what appears to be a copy of U.S. Patent No. 7,403,399 ("the '399 Patent"), with the title "Active Primary-Sided Circuit Arrangement for a Switch-Mode Power Supply," is attached as Exhibit A to the Amended Complaint, and that the '399 Patent purports to claim priority to German Patent Application Number 10 2005 014 746, which was filed on March 31, 2005.  Samsung Semiconductor denies any remaining allegations in Paragraph 20.

21.     Denied.

22.     Samsung Semiconductor admits that Paragraph 22 purports to recite Claim 1 of the '399 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 22.

23.     Samsung Semiconductor admits that Paragraph 23 purports to recite Claim 2 of the '399 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 23.

24.     Samsung Semiconductor admits that Paragraph 24 purports to recite Claim 4 of the '399 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 24.

25.     Samsung Semiconductor admits that Paragraph 25 purports to recite Claim 5 of the '399 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 25.

26.     Samsung Semiconductor admits that Paragraph 26 purports to recite Claim 6 of the '399 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 26.

27.     Samsung Semiconductor admits that Paragraph 27 purports to recite Claim 13 of the '399 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 27.

28.     Samsung Semiconductor admits that the inventors named on the face of the '399 Patent are Stefan Morbe and Michael Bothe.  Samsung Semiconductor denies any remaining allegations in Paragraph 28.

29.     Samsung Semiconductor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint, and on that basis denies them.

30.     Samsung Semiconductor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint, and on that basis denies them.

31.     Samsung Semiconductor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint, and on that basis denies them.

## U.S. PATENT NO. 7,675,759

32.     Samsung Semiconductor admits that what appears to be a copy of U.S. Patent No. 7,675,759 ("the '759 Patent"), with the title "Power System with Power Converters having an Adaptive Controller" is attached as Exhibit B to the Amended Complaint, and that the '759 Patent purports to claim priority to U.S. Patent Application Number 11/607,325, which was filed on December 1, 2006.  Samsung Semiconductor denies any remaining allegations in Paragraph 32.

33.     Denied.

34.     Samsung Semiconductor admits that Paragraph 34 purports to recite Claim 1 of the '759 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 34.

35.     Samsung Semiconductor admits that Paragraph 35 purports to recite Claim 3 of the '759 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 35.

36.     Samsung Semiconductor admits that Paragraph 36 purports to recite Claim 6 of the

'759 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 36.

37.     Samsung Semiconductor admits that Paragraph 37 purports to recite claim 16 of the '759 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 37.

38.     Samsung Semiconductor admits that the inventors named on the face of the '759 Patent are Daniel Artusi, Ross Fosler, and Allen Rozman.  Samsung Semiconductor denies any remaining allegations in Paragraph 38.

39.     Samsung Semiconductor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Amended Complaint, and on that basis denies them.

40.     Samsung Semiconductor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Amended Complaint, and on that basis denies them.

41.     Samsung Semiconductor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Amended Complaint, and on that basis denies them.

## U.S. PATENT NO. 7,978,489

42.     Samsung Semiconductor admits that what appears to be a copy of U.S. Patent No. 7,978,489 ("the '489 Patent"), with the title "Integrated Power Converters," is attached as Exhibit C to the Amended Complaint, and that the '489 Patent purports to claim priority to U.S. Patent Application Number 60/963,477, which was filed on August 3, 2007.  Samsung Semiconductor denies any remaining allegations in Paragraph 42.

43.     Denied.

44.     Samsung Semiconductor admits that Paragraph 44 purports to recite Claim 43 of the '489 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 44.

45.     Samsung Semiconductor admits that Paragraph 45 purports to recite Claim 53 of the '489 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 45.

46.     Samsung Semiconductor admits that Paragraph 46 purports to recite Claim 54 of the '489 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 46.

47.     Samsung Semiconductor admits that Paragraph 47 purports to recite Claim 60 of the '489 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 47.

48.     Samsung Semiconductor admits that the inventors named on the face of the '489 Patent are Mark Telefus, Bahman Sharifipour, Rowell Gapuz, Richard Sy, HongWei Du, and Bob Roohparvar.  Samsung Semiconductor denies any remaining allegations in Paragraph 48.

49.     Samsung Semiconductor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Amended Complaint, and on that basis denies them.

50.     Samsung Semiconductor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Amended Complaint, and on that basis denies them.

51.     Samsung Semiconductor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Amended Complaint, and on that basis denies them.

## U.S. PATENT NO. 8,477,514

52.     Samsung Semiconductor admits that what appears to be a copy of U.S. Patent No. 8,477,514 ("the '514 Patent"), with the title "Power System with Power Converters Having an Adaptive Controller," is attached as Exhibit D to the Amended Complaint, and that the '514 Patent purports to claim priority to U.S. Patent Application Number 11/607,325, which was filed on December 1, 2006.  Samsung Semiconductor denies any remaining allegations in Paragraph 52.

53.    Denied.

54.    Samsung Semiconductor admits that Paragraph 54 purports to recite Claim 1 of the '514 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 54.

55.    Samsung Semiconductor admits that Paragraph 55 purports to recite Claim 5 of the '514 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 55.

56.    Samsung Semiconductor admits that Paragraph 56 purports to recite Claim 16 of the '514 Patent.  Samsung Semiconductor denies any remaining allegations in Paragraph 56.

57.    Samsung Semiconductor admits that the inventors named on the face of the '514 Patent are Daniel A. Artusi, Ross Fosler, and Allen F. Rozman.  Samsung Semiconductor denies any remaining allegations in Paragraph 57.

58.    Samsung Semiconductor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Amended Complaint, and on that basis denies them.

59.    Samsung Semiconductor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Amended Complaint, and on that basis denies them.

60.    Samsung Semiconductor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Amended Complaint, and on that basis denies them.

## THE ACCUSED INSTRUMENTALITIES

61.    Denied.

62.    Denied.

63.    Denied.

64.    Samsung Semiconductor admits that the cited websites contain the statements as

alleged.  Samsung Semiconductor denies any remaining allegations in Paragraph 64.

**COUNT 1: DIRECT INFRINGEMENT**

65.     Samsung Semiconductor incorporates by reference its answers to Paragraphs 1-64, as if fully set forth herein.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

**RESPONSE TO JURY DEMAND**

70.     To the extent a response is required, Samsung Semiconductor admits that MyPAQ's Amended Complaint contains a request for a jury trial.

**RESPONSE TO PRAYER FOR RELIEF**

71.     To the extent a response is required, Samsung Semiconductor denies that MyPAQ is entitled to any of the relief requested in Paragraphs 71(A)-71(H) of the Prayer for Relief or to any other relief.

**GENERAL DENIAL**

72.     Samsung Semiconductor denies every allegation in the Amended Complaint that was not specifically admitted above.

**SAMSUNG SEMICONDUCTOR'S AFFIRMATIVE AND OTHER DEFENSES**

73.     Further to the responses above, Samsung Semiconductor alleges and asserts the following defenses, including affirmative defenses as to which Samsung Semiconductor undertakes the burden of proof only to the extent such defenses are deemed affirmative defenses by law.

### FIRST DEFENSE - FAILURE TO STATE A CLAIM

74.     MyPAQ's Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE - NON-INFRINGEMENT

75.     Samsung Semiconductor has not directly, jointly, or otherwise infringed (literally or under the doctrine of equivalents) any valid and enforceable claim of the allegedly infringed patents ("the Asserted Patents") as properly construed.  If the claims at issue are interpreted so broadly as to read on any accused product, Samsung Semiconductor has not infringed any such claim of the patent under the Reverse Doctrine of Equivalents.

### THIRD DEFENSE - INVALIDITY

76.     The claims of the Asserted Patents are invalid and/or unpatentable for failure to comply with the requirements of 35 U.S.C. §§ 100 *et seq*., including but not limited to, §§ 101, 102, 103, 112, 116, and/or 120 because, for example, the alleged invention thereof lacks utility; is taught by, suggested by, and/or obvious in view of, the prior art; is not adequately supported or enabled by the written description of that patented invention; and/or the claims are indefinite and/or directed to an abstract idea or other non-statutory subject matter.

### FOURTH DEFENSE – LACK OF STANDING

77.     Upon information and belief, MyPAQ lacks standing to assert the Asserted Patents.

### FIFTH DEFENSE - PROSECUTION HISTORY ESTOPPEL

78.     Based on the proceedings before the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications that ultimately issued as the Asserted Patents and/or the application(s) to which the Asserted Patents claim priority, MyPAQ has disclaimed and/or disavowed the full scope of the allegedly infringed claims of the Asserted Patents and, as such, is estopped from construing any such claim to cover or include, either literally

or under the doctrine of equivalents, any product, system, or service of, or any method performed in whole or in part by Samsung Semiconductor.

### SIXTH DEFENSE - ENSNAREMENT

79.    To the extent that MyPAQ claims infringement of one or more claims of the Asserted Patents under the doctrine of equivalents, MyPAQ's claims are barred under the ensnarement doctrine, which prohibits MyPAQ from asserting an infringement theory under the doctrine of equivalents that encompasses, or "ensnares," the prior art.

### SEVENTH DEFENSE – LACK OF KNOWLEDGE

80.    MyPAQ's claims for damages are limited and/or barred, in part or in whole, because Samsung Semiconductor is not liable for damages for acts alleged to have been performed before Samsung Semiconductor received adequate notice of the Asserted Patents.

### EIGHTH DEFENSE – LICENSE AND EXHAUSTION

81.    MyPAQ's claims of patent infringement are barred to the extent that the alleged infringement is licensed or otherwise authorized. MyPAQ's claims of patent infringement are also barred to the extent that MyPAQ has exhausted its rights and remedies as to the alleged infringement.

### NINTH DEFENSE - DAMAGES AND COST LIMITATIONS

82.    On information and belief, MyPAQ's claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288. MyPAQ's right to seek damages and costs is further limited and/or barred, in whole or in part, by 28 U.S.C. § 1498.

### TENTH DEFENSE - ACTIONS OF OTHERS

83.    The claims made in the Amended Complaint are barred, in whole or in part, because Samsung Semiconductor is not liable for the acts of others over whom it has no control.

### ELEVENTH DEFENSE - NO CAUSATION

84.     MyPAQ's claims against Samsung Semiconductor are barred because MyPAQ's

damages, if any, were not caused by Samsung Semiconductor.

### TWELFTH DEFENSE – NO EXCEPTIONAL CASE

85.     MyPAQ cannot prove that this is an exceptional case justifying an award of attorney

fees against Samsung Semiconductor under 35 U.S.C. § 285 or otherwise.

### RESERVATION OF ADDITIONAL DEFENSES

86.     Samsung Semiconductor reserves the right to amend, supplement, and/or assert

additional affirmative defenses which may be developed through discovery in this action.

### <u>SAMSUNG SEMICONDUCTOR'S COUNTERCLAIMS</u>

Pursuant to Federal Rule of Civil Procedure 13, Counterclaim-Plaintiffs Samsung

Semiconductor, Inc. ("SSI") and Samsung Austin Semiconductor, LLC ("SAS") (collectively,

"Samsung Semiconductor"), for their counterclaims against Counterclaim-Defendant MyPAQ,

state as follows:

### THE PARTIES

1.     SSI is a corporation of California with a place of business located at 3655 North

First Street, San Jose, California 95134.

2.     SAS is a corporation of Delaware with its principal place of business at 12100

Samsung Boulevard, Austin, Texas 78754.

3.     Based on Paragraph 1 of the Amended Complaint, MyPAQ claims to be a Republic

of Seychelles corporation with a place of business at 303 Aarti Chambers, Victoria Mahe, Republic

of Seychelles.

### JURISDICTION AND VENUE

4.     These Counterclaims arise under the United States Patent Act, 35 U.S.C. §1 *et seq.*,

and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

5.      In Paragraphs 29, 39, 49, and 58 of the Amended Complaint, MyPAQ contends that it is the owner of all rights, title, and interest in and to U.S Pat. No. 7,403,399 (the "'399 Patent"), U.S Pat. No. 7,675,759 (the "'759 Patent"), U.S Pat. No. 7,978,489 (the "'489 Patent"), and U.S Pat. No. 8,477,514 (the "'514 Patent") (collectively, the "Asserted Patents").

6.      Through its Amended Complaint, MyPAQ charges Samsung Semiconductor with infringement of one or more claims of the Asserted Patents. Thus, MyPAQ has submitted itself to the jurisdiction of this Court, has created an actual case or controversy between the parties, and has asserted that venue is proper in this Court.

7.      This Court has personal jurisdiction over MyPAQ due at least to its submission to the jurisdiction of this Court through the filing of its Amended Complaint against Samsung Semiconductor.

8.      Subject to and without waiving Samsung Semiconductor's position that venue is improper, venue is proper in this Court with respect to the following Counterclaims pursuant to 28 U.S.C. § 1391 and/or 1400(b), at least because MyPAQ filed its Amended Complaint against Samsung Semiconductor in this District.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '399 PATENT

9.      Samsung Semiconductor incorporates by reference Paragraphs 1-8 of these Counterclaims.

10.     On July 30, 2021, MyPAQ filed an Amended Complaint naming SSI and SAS as defendants.

11.     MyPAQ's Amended Complaint alleges that MyPAQ owns the '399 Patent and

holds the rights to sue and recover damages for infringement thereof, and further accuses Samsung Semiconductor of directly infringing the '399 Patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

12.     Samsung Semiconductor denies that it has infringed or is infringing any valid and enforceable claim of the '399 Patent whether directly, literally or under the doctrine of equivalents, jointly, or in any other manner through the making, using, selling, offering for sale, and/or importing certain products.

13.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung Semiconductor and MyPAQ regarding MyPAQ's allegations of infringement of the '399 Patent.

14.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung Semiconductor is entitled to a declaratory judgment that Samsung Semiconductor has not infringed, and currently does not infringe, any valid and enforceable claim of the '399 Patent whether directly, literally or under the doctrine of equivalents, jointly, or in any other manner.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '759 PATENT

15.     Samsung Semiconductor incorporates by reference Paragraphs 1-14 of these Counterclaims.

16.     On July 30, 2021, MyPAQ filed an Amended Complaint naming SSI and SAS as defendants.

17.     MyPAQ's Amended Complaint alleges that MyPAQ owns the '759 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Samsung Semiconductor of directly infringing the '759 Patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

18.     Samsung Semiconductor denies that it has infringed or is infringing any valid and enforceable claim of the '759 Patent whether directly, literally or under the doctrine of equivalents, jointly, or in any other manner through the making, using, selling, offering for sale, and/or importing certain products.

19.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung Semiconductor and MyPAQ regarding MyPAQ's allegations of infringement of the '759 Patent.

20.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung Semiconductor is entitled to a declaratory judgment that Samsung Semiconductor has not infringed, and currently does not infringe, any valid and enforceable claim of the '759 Patent whether directly, literally or under the doctrine of equivalents, jointly, or in any other manner.

**COUNT III**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '489 PATENT**

21.     Samsung Semiconductor incorporates by reference Paragraphs 1-20 of these Counterclaims.

22.     On July 30, 2021, MyPAQ filed an Amended Complaint naming SSI and SAS as defendants.

23.     MyPAQ's Amended Complaint alleges that MyPAQ owns the '489 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Samsung Semiconductor of directly infringing the '489 Patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

24.     Samsung Semiconductor denies that it has infringed or is infringing any valid and enforceable claim of the '489 Patent whether directly, literally or under the doctrine of equivalents, jointly, or in any other manner through the making, using, selling, offering for sale, and/or

importing certain products.

25.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung Semiconductor and MyPAQ regarding MyPAQ's allegations of infringement of the '489 Patent.

26.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung Semiconductor is entitled to a declaratory judgment that Samsung Semiconductor has not infringed, and currently does not infringe, any valid and enforceable claim of the '489 Patent whether directly, literally or under the doctrine of equivalents, jointly, or in any other manner.

## COUNT IV
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '514 PATENT

27.     Samsung Semiconductor incorporates by reference Paragraphs 1-26 of these Counterclaims.

28.     On July 30, 2021, MyPAQ filed an Amended Complaint naming SSI and SAS as defendants.

29.     MyPAQ's Amended Complaint alleges that MyPAQ owns the '514 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Samsung Semiconductor of directly infringing the '514 Patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

30.     Samsung Semiconductor denies that it has infringed or is infringing any valid and enforceable claim of the '514 Patent whether directly, literally or under the doctrine of equivalents, jointly, or in any other manner through the making, using, selling, offering for sale, and/or importing certain products.

31.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung Semiconductor and MyPAQ regarding MyPAQ's allegations of infringement of the '514

Patent.

32.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung Semiconductor is entitled to a declaratory judgment that Samsung Semiconductor has not infringed, and currently does not infringe, any valid and enforceable claim of the '514 Patent whether directly, literally or under the doctrine of equivalents, jointly, or in any other manner.

## COUNT V
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '399 PATENT

33.     Samsung Semiconductor incorporates by reference Paragraphs 1-32 of these Counterclaims.

34.     On July 30, 2021, MyPAQ filed an Amended Complaint naming SSI and SAS as defendants.

35.     MyPAQ's Amended Complaint alleges that MyPAQ owns the '399 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Samsung Semiconductor of directly infringing the '399 Patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

36.     One or more claims of the '399 Patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including at least 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120.  A judicial declaration that one or more of the claims of the '399 Patent are invalid and/or unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Samsung Semiconductor can ascertain its rights and duties with respect to the '399 Patent.  Samsung Semiconductor has no adequate remedy at law.

37.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung Semiconductor and MyPAQ regarding the validity of the '399 Patent.

38.    Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung Semiconductor is entitled to a declaratory judgment that one or more claims of the '399 Patent is invalid.

### COUNT VI
### DECLARATORY JUDGMENT OF INVALIDITY OF THE '759 PATENT

39.    Samsung Semiconductor incorporates by reference Paragraphs 1-38 of these Counterclaims.

40.    On July 30, 2021, MyPAQ filed an Amended Complaint naming SSI and SAS as defendants.

41.    MyPAQ's Amended Complaint alleges that MyPAQ owns the '759 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Samsung Semiconductor of directly infringing the '759 Patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

42.    One or more claims of the '759 Patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including at least 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120.  A judicial declaration that one or more of the claims of the '759 Patent are invalid and/or unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Samsung Semiconductor can ascertain its rights and duties with respect to the '759 Patent.  Samsung Semiconductor has no adequate remedy at law.

43.    Accordingly, a valid and justiciable controversy has arisen and exists between Samsung Semiconductor and MyPAQ regarding the validity of the '759 Patent.

44.    Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung Semiconductor is entitled to a declaratory judgment that one or more claims of the '759 Patent is invalid.

### COUNT VII

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '489 PATENT**

45.     Samsung Semiconductor incorporates by reference Paragraphs 1-44 of these Counterclaims.

46.     On July 30, 2021, MyPAQ filed an Amended Complaint naming SSI and SAS as defendants.

47.     MyPAQ's Amended Complaint alleges that MyPAQ owns the '489 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Samsung Semiconductor of directly infringing the '489 Patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

48.     One or more claims of the '489 Patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including at least 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120.  A judicial declaration that one or more of the claims of the '489 Patent are invalid and/or unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Samsung Semiconductor can ascertain its rights and duties with respect to the '489 Patent.  Samsung Semiconductor has no adequate remedy at law.

49.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung Semiconductor and MyPAQ regarding the validity of the '489 Patent.

50.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung Semiconductor is entitled to a declaratory judgment that one or more claims of the '489 Patent is invalid.

**COUNT VIII**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '514 PATENT**

51.     Samsung Semiconductor incorporates by reference Paragraphs 1-50 of these Counterclaims.

52.     On July 30, 2021, MyPAQ filed an Amended Complaint naming SSI and SAS as defendants.

53.     MyPAQ's Amended Complaint alleges that MyPAQ owns the '514 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Samsung Semiconductor of directly infringing the '514 Patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

54.     One or more claims of the '514 Patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including at least 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120.  A judicial declaration that one or more of the claims of the '514 Patent are invalid and/or unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Samsung Semiconductor can ascertain its rights and duties with respect to the '514 Patent.  Samsung Semiconductor has no adequate remedy at law.

55.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung Semiconductor and MyPAQ regarding the validity of the '514 Patent.

56.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung Semiconductor is entitled to a declaratory judgment that one or more claims of the '514 Patent is invalid.

**JURY DEMAND**

57.     Samsung Semiconductor hereby demands a trial by jury as to all fact issues related to these Counterclaims.

**PRAYER FOR RELIEF**

WHEREFORE, Samsung Semiconductor respectfully requests that this Court enter a judgment on the Amended Complaint granting the relief set forth below:

a)     Declaratory judgment that Samsung Semiconductor has not infringed,

directly or otherwise, any claim of the Asserted Patents;

      b)    Declaratory judgment that the claims of the Asserted Patents are invalid;

      c)    Dismissal with prejudice of MyPAQ's Amended Complaint;

      d)    Denial of all relief sought by MyPAQ;

      e)    Judgment in favor of Samsung Semiconductor and against MyPAQ;

      f)    Judgment that this an exceptional case under 35 U.S.C. § 285 and/or other applicable laws, and awarding Samsung Semiconductor its attorneys' fees and costs incurred in connection with this action; and

      g)    Judgment awarding Samsung Semiconductor such other relief as this Court may deem just and proper.

Date: October 22, 2021                    Respectfully submitted,

/s/ Neil P. Sirota

Neil P. Sirota (admitted *pro hac vice*)
neil.sirota@bakerbotts.com
Robert L. Maier (admitted *pro hac vice*)
robert.maier@bakerbotts.com
Frank Zhu (admitted *pro hac vice*)
frank.zhu@bakerbotts.com
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
Tel: (212) 408-2500
Fax: (212) 408-2501

Brett Thompsen (SBN: 24075157)
brett.thompsen@bakerbotts.com
Syed Fareed (SBN: 24065216)
syed.fareed@bakerbotts.com
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard
Suite 1500
Austin, TX 78701-4078
Tel: (512) 322-2500
Fax: (512) 322-2501

Melissa Smith (SBN: 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH L.L.P.
303 South Washington Avenue
Marshall, TX 75670-4157
Tel: (903) 934-8450
Fax: (903) 934-9257

*Attorneys for Defendants*
*Samsung Semiconductor, Inc., and*
*Samsung Austin Semiconductor, LLP*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the 22nd day of October, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

.

*/s/  Neil P. Sirota*
Neil P. Sirota